## William R. Robeson

*v.*

### The People *ex rel.* Curry, County Treasurer.

*Filed at Mt. Vernon April 1, 1896.*

Drainage—*assessment of annual benefits—jurisdiction of county court.* No authority is conferred by the Drainage act, (Laws of 1879, p. 120,) or the amendments thereto, (Laws of 1881, p. 79; Laws of 1883, p. 77,) upon the county court, *without a jury*, to make and levy an assessment for annual benefits upon lands of a drainage district for keeping a levee in repair, especially where no notice has been given to land owners.

Appeal from the County Court of Lawrence county; the Hon. Amos N. Goodman, Judge, presiding.

W. F. Foster, for appellant.

S. J. Gee, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from the judgment of the county court of Lawrence county, rendered on the application of the county collector, for an alleged delinquent assessment of the Russell and Allison Drainage District for the year 1894.

The drainage district was organized in pursuance of the provisions of the Drainage act for "agricultural, sanitary and mining purposes, and to provide for the organization of drainage districts," in force May 29, 1879, as amended by the acts of 1881 and 1883. There was an assessment in 1884, by a jury, of the damages and benefits which would be sustained or would accrue to the lands affected by the construction of a levee which was thereafter constructed, but there never was any assessment of annual benefits for keeping the levee in repair. On August 1, 1894, the drainage commissioners filed their report in the office of the clerk of the county court, stating the financial condition of the district and the condition of the levee, and asking the court to grant them the sum of $1000, the estimated amount required for the ensuing year for the purpose of paying a balance of indebtedness and to meet expenses and repairs. No action was taken upon this report until the December term, 1894, when the commissioners asked and obtained leave to amend their report. An amendment was thereupon made, stating that the levee, at a place designated, was badly in need of repair, and asking a further appropriation of $1000 for the purpose of making such repair. The court thereupon made an order finding that an annual amount of benefits for repairs of the levee should be extended in the sum of $2000, and ordering that sum extended *pro rata* upon the original assessment for the construction of the levee.

The validity of the judgment against appellant's lands depends upon the question whether the county court had

jurisdiction to make and levy an assessment for annual benefits upon the lands of the district for keeping the levee in repair, and we think that it will be apparent, from an examination of the statute, that the court had no such power. Assessments of annual benefits for that purpose, within the limits prescribed by the act, are authorized to be made by a jury, but the act nowhere confers authority upon a court to make them. It is provided that the court in which the proceedings are had shall require from the commissioners a report of the condition of the levee at its July term of each year, together with their estimate of the amount necessary to keep the levee in repair and to pay all incidental and necessary expenses for the ensuing year, and if the court shall find that a less amount will be required for such ensuing year than the whole amount of the assessment for that year, then the court shall, by an order, fix the amount to be paid for such year, and only that amount shall be collected, and the excess of such assessment, over and above the amount so fixed by said order for said year shall be remitted by law, and shall not thereafter be collected. The purpose of that provision is to protect the owners of lands from the payment of such portion of the annual amount of benefits assessed for protecting and keeping the levee in repair as may not be required for that purpose. The power of the court does not extend to the making of an assessment. In this case the assessment was made by the court without notice to the land owners or any opportunity of their being heard, and the objection that it was invalid was properly interposed on the application for judgment against the lands for its payment.

The judgment of the county court will be reversed and the cause remanded.    *Reversed and remanded.*